IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ponda R. Truss and
Robert E. Truss,

Case No. 3:17 CV 1861

Plaintiffs,

REMAND ORDER

-vs-

JUDGE JACK ZOUHARY

Nationwide Mutual Fire Insurance Company,

Defendant.

## INTRODUCTION

On September 5, 2017, Plaintiffs *pro se* Ponda R. Truss and Robert E. Truss attempted to remove a tort action filed in the Lucas County Court of Common Pleas on December 7, 2015 against Nationwide Mutual Fire Insurance Company ("Nationwide") (Case No. 15 CI 5015). Ponda Truss was in an automobile collision, and Nationwide was her auto insurance provider. The Trusses' state court action asserts an uninsured motorist claim under their policy. The case is set for trial on October 16, 2017. The Trusses now attempt to remove that case to federal court on the basis of diversity jurisdiction.

## REMOVAL

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Notice of Removal of a civil action or proceeding must be filed within thirty days after the defendant receives, through service or otherwise, a copy of the initial pleading. 28 U.S.C. § 1446(b). Moreover, when the action is removed under Section 1441(a), all of the defendants who have been properly served must join

in the removal or consent to it. 28 U.S.C. § 1446(b)(2)(A). Finally, where diversity of citizenship is the basis for removal, the case cannot be removed from state court if any of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

Removal is not proper in this case. First, only a defendant can remove an action. The Trusses, who chose the original forum, cannot remove their own case to federal court. 28 U.S.C. § 1446(b)(2)(A). Second, removal is untimely. Well more than thirty days have passed since service of the Complaint on Nationwide in December 2015. Third, this Court does not have original jurisdiction in this matter. The Trusses assert jurisdiction on the basis of diversity of citizenship. To satisfy diversity, the Trusses must establish they are citizens of one state, and Nationwide is a citizen of another state. The Trusses indicate they are citizens of Ohio and allege Nationwide is incorporated in Iowa and Ohio. A review of the Ohio Secretary of State's business records database confirms that Nationwide is incorporated in Ohio. Because both the Trusses and Nationwide are citizens of Ohio, there is no diversity jurisdiction. Finally, a case cannot be removed on the basis of diversity if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). The state court action was filed in Ohio Common Pleas court, and -- as just discussed -- Nationwide is a citizen of Ohio.

## CONCLUSION

The Trusses' attempt to remove their state court action to federal court is not proper, and this Court lacks jurisdiction to hear this matter. This case is remanded to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 13, 2017